UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Kelly,<br>Individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>  -v-<br><br>Call-A-Head Corp., and<br>Charles Howard,<br><br>               Defendants. | Civ. Action #:<br><br>**COMPLAINT**<br>(Collective and Class Action)<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

  Plaintiff Frank Kelly ("Plaintiff" or "Kelly"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Call-A-Head Corp., and Charles Howard (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendants, individually and/or jointly, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendants, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12

   NYCRR § 142-2.2.

3. Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Frank Kelly ("Plaintiff" or "Kelly") is an adult, over eighteen years old, who currently resides in Suffolk County in the State of New York.

8. Upon information and belief and at all times relevant herein, Call-A-Head Corp. ("CAH" or "Defendant"), was a New York for-profit corporation with its principal place of business at 304 Crossbay Blvd., Broad Channel, NY 11693.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Charles Howard ("Howard"), who was in charge of the operations and management of CAH.

10. Upon information and belief and at all times relevant herein, the corporate Defendant CAH was owned/controlled/managed by Defendant Howard and was his alter ego, and it was

2

Defendant Howard who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants CAH and Howard shared a place of business in Queens County, New York, at 304 Crossbay Blvd., Broad Channel, NY 11693, where Plaintiff was employed.

12. At all times relevant herein, Plaintiff and the putative class members were employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of purchasing, renting, installing, operating and managing portable toilets in the New York tri-state area. See http://www.callahead.com.

14. At all times relevant herein, Defendants, individually and/or jointly, employed hundreds of employees at any given time and hundreds of employees during the class period.

15. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, from on or about July 24, 2017 to on or about September 22, 2017.

16. At all times relevant herein, Plaintiff was employed by Defendants as a technician transporting, lifting, installing and servicing portable toilet.

17. At all times relevant herein, Plaintiff was paid at a regular rate of $17.50 an hour.

18. During his employment with Defendants, Plaintiff reported to Defendants' location each day where he was given a list of jobs for the day. Plaintiff then spent approximately 12-15 hours during the day, four to five days a week, completing the assigned work as he was required to do by Defendants. However, in general, Plaintiff was not paid for more than ten work hours a day. On a few occasions when Plaintiff worked a fifth day (Friday), in a work-week, he was

3

paid at 1.5 times his regular hourly rate for about 10 overtime hours worked – even though Plaintiff worked more than 10 hours of overtime on such days. For example, for the week ending September 15, 2017, Plaintiff worked 54 hours 51 mins (in four days) and was only paid for 40 hours at his regular rate. For the remaining 14 hours 51 minutes, Plaintiff was not paid any wages including overtime wages. This example is reflective of Defendants' payment pattern throughout Plaintiff's employment with them and throughout the class period with respect to Plaintiff and the putative class members.

19. At all times relevant herein, Plaintiff worked approximately 50-75 hours a week and likely more, 4-5 days a week.

20. Plaintiff's hours worked and wages paid will be refined after Defendants produce employment, time and wage records it was required to keep under the FLSA and NYLL.

21. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

22. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

23. Upon information and belief, Defendants failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

24. At all times relevant herein, Defendants did not provide Plaintiff and the putative class members with the notice(s) required by NYLL 195(1).

25. At all times relevant herein, Defendants did not provide Plaintiff and the putative class members with the statement(s) required by NYLL 195(3) – the wage statements provided to

Plaintiff did not state all hours worked nor all wages earned by Plaintiff, among other deficiencies.

26. The violations set forth herein as to Plaintiff, also apply to putative class members.

27. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendants' business volume and revenues as well as business operations and commerce that Defendants were required to keep and maintain under the FLSA including under 29 CFR 516.

28. Upon information and belief and at all times relevant herein, Defendants conducted business with companies outside the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff conducted business with insurance companies outside the State of New York.

30. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce such as construction equipment, materials and supplies.

31. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

32. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

33. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

5

35. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

36. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

37. The termination of Plaintiff's employment with Defendants is under review and investigation. Plaintiff may assert wrongful termination claims at a later time in a separate action.

38. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

39. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

40. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

41. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

42. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendants, who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

43. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are approximately hundreds of members of the class during the class period.

44. The class definition will be refined as is necessary, including after discovery if necessary.

45. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 U.S.C 201 et Seq.

46. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

47. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

48. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

49. Due to Defendants' FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, individually and/or jointly, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

50. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 49 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

51. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

52. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former employees of Defendants, who: 1) were employed by Defendants within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

53. The class definition will be refined as is necessary, including after discovery if necessary.

54. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are hundreds of members of the class during the class period.

55. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

56. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

57. Upon information and belief, the claims of the representative party are typical of the claims of the class.

58. The representative party will fairly and adequately protect the interests of the class.

59. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

60. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

62. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

63. At all times relevant herein, Defendants, individually and/or jointly failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours

worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

64. Due to Defendants' NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, individually and/or jointly, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

65. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 63 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

66. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

67. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former employees of Defendants who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

68. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

69. The class definition will be refined as is necessary, including after discovery if necessary.

70. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are hundreds of members of the class during the class period.

71. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

72. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendants, individually and/or jointly, failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

73. Upon information and belief, the claims of the representative party are typical of the claims of the class.

74. The representative party will fairly and adequately protect the interests of the class.

75. The Defendants, individually and/or jointly, have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

76. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a)  whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

77. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

78. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

79. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

80. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

### Relief Demanded

81. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, individually and/or jointly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

82. Declare Defendants (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff and those similarly-situated, under the FLSA and New York Labor Law – 12 NYCRR § 142, and enjoin Defendants from engaging in such violations.

83. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

84. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

85. As to the **Third Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

86. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

87. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
   **September 29, 2017**


Respectfully submitted,


Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -  Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*