# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                  Tel: 718-740-1000
Email: abdul@abdulhassan.com                                              Fax: 718-740-2000
*Employment and Labor Lawyer*                                       Web: www.abdulhassan.com

March 25, 2018

**Via ECF**

Hon. Steven L. Tiscione, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY  11201

<u>Re: Kelly v. Call-A-Head Corp. et al.</u>
    Case No.  17-CV-05737 (ARR)(ST)
    Motion for Settlement Approval

Dear Magistrate Judge Tiscione:

My firm represents plaintiff Frank Kelly ("Plaintiff" or "Kelly"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Defendants Call-A-Head Corp. and Charles Howard (hereinafter collectively "Defendants"), and Plaintiff, all join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. Exhibit 1 is a copy of the settlement agreement executed by Plaintiff, a copy of the fully executed settlement agreement will be submitted shortly – after Defendants sign. Exhibit 2 is time records detailing time and work expended by Plaintiff's counsel. At the March 1, 2018, appearance the parties agreed to consent to Magistrate-Judge Tiscione's jurisdiction and will be filing the necessary consent form shortly.

The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brings claims for unpaid wages under the FLSA and NYLL, as well claims for violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3). Plaintiff also seeks to recover legal fees and costs under the applicable fee-shifting provisions.

Based on the allegations in the complaint and the information available at this time, including information exchanged on March 1, 2018, Plaintiff is owed unpaid overtime wages of approximately $26.25/hr x 12.5hrs/wk x 9wks = $2,953. If a jury is convinced that Defendants

1

did not act in good faith, Plaintiff could also receive liquidated damages in an amount of about $2,953. Plaintiff also alleged he is owed about $500 in unpaid parking tickets. Defendants deny liability in this action.

Likewise, if Plaintiff prevailed on his wage notice and wage statement claims which Defendants strongly dispute, he could receive an additional $8,050. This is not a case where Plaintiff did not receive notice or wage statements – the argument is that the notice and wage statements are not fully compliant because they did not include the overtime rates and wages. Notably, recovery for wage notice and wage statement violations is covered by NYLL and not protected by the FLSA.

Under the settlement, Plaintiff is due to receive $7,100 - This amount can reasonably be viewed as exceeding the unpaid overtime wages and liquidated damages claimed by Plaintiff under the FLSA. (Ex. 1 ¶ 3(a)). Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of Four Hundred and Sixty Dollars ($460) in filing and service costs, plus legal fees of Ten Thousand, Four Hundred Dollars ($10,400). (Ex. 1 ¶ 3(a). Here, the hourly fees based on the attached time records (Ex. 2), are $24,210 at the retainer rate of $600/hr for 40.35hrs or $18,157.50 at a reduced rate of $450/hr. See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Raja v. T & S Management of NYC Corp. et al*, 15-cv-07338, ECF No. 25 (ST – EDNY)($9,945 in hourly legal fees); *Bernard v. QPH Plumbing & Heating Inc*. Case No. 16-cv-04716, ECF No. 17 (Judge Tiscione)($9,000 in hourly legal fees); *Cajamarca v. Sound Marine Construction & Salvage, Inc.et al*, 15- cv-6667, ECF No. 23, 25 (LTS - SDNY)($19,445 in hourly legal fees); *Tineo v. Dean's West Side Contracting Corp. et al*, 15-cv-2323 (JMF)(RLE)($19,385 in hourly legal fees); *Boodhoo v. Jet Way Security & Investigation LLC* 15-CV-1733-CBA-(RER – EDNY)($15,000 in hourly legal fees); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4000 in damages and $55,000 in fees and costs under *Cheeks*); *Domenech v. Parts Authority, Inc*. 15CV-3595, ECF No. 41, 42 (ILG - EDNY)(approving $70,000 in hourly legal fees and costs under *Cheeks*); *Lopez v. 1710 Montgomery Realty Assoc., L.P. et al*, Case No.16-cv-06038, ECF No. 34 (Judge Gorenstein)(approving $20,000 in damages and hourly fee of $15,000 under *Cheeks*); *Francis v. Bowery Residents' Committee, Inc.*, 15-cv-07102, ECF No. 25 (RLE - SDNY) (approving $5,000 in damages and $10,500 in fees and costs under *Cheeks*); *Caraballo v. 1195 Sherman Ave.*,15-cv-02325(WHP - SDNY), ECF No. 31 (approving $3000 in damages and $10,000 in fees and costs under *Cheeks*); *Precil v. U.S. Security Associates, Inc*. 15-cv- 8893, ECF No. 14 (PGG - SDNY) (approving $3780 in damages and $8720 in fees and costs under *Cheeks*); *Soler v. Mase Electric, Inc. et al*, 16-cv-1653(LMS - SDNY), (February 7, 2017 text only Order - approving $4500 in damages and $10,000 in fees and costs under Cheeks);  .

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendants dispute liability and a jury can award Plaintiff less than he is receiving here.

Second, there is an absence of complete and accurate contemporaneous time and wage records. Third, it appears that Defendants cannot afford to pay a higher settlement amount as the installment nature of the settlement indicate. Fourth, the amount Plaintiff is due to receive under the settlement, can reasonably be viewed as covering the FLSA-protected overtime wages and liquidated damages. Fifth, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation.

      Finally, the settlement was the product of arms' length negotiation where the parties were represented by experienced attorneys in the area of wage and hour litigation. The settlement amount in relation to the claims and defenses, further confirms that the settlement was the product of arms' length negotiations.

      We thank the Court in advance for its time and consideration, and respectfully request approval of the settlement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**     **Defense Counsel via ECF**