UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANK KELLY, Individually, and on behalf of all        Docket No. 17-cv-05737
other similarly situated,

                                      Plaintiff,

                -against-

CALL-A-HEAD CORP. and CHARLES HOWARD,

                                  Defendants.
-------------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT

**WHEREAS,** FRANK KELLY ("Plaintiff")commenced an Action on September 29, 2017 in the United States District Court for the Eastern District of New York ("Court"), Docket Number 17-cv-5737 (the "Action"), against CALL-A-HEAD CORP. ("CAH") and CHARLES W. HOWARD ("Howard") (collectively referred to as "Defendants"), alleging that he is due wages, fromthe Defendants, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,*et seq.*, and New York State Labor Law, Article 6 and Article 6 regulations; and

**WHEREAS,** on October 23, 2017, the Defendants filed a Motion to Enjoin the Plaintiff from prosecuting a class action of similarly situated CAH employees because there was a first-filed class action against CAH in the Southern District of New York; and

**WHEREAS,** on November 3, 2017, the Plaintiff opposed the Defendants' Motion, but conceded that he will only pursue individual claims in this Action; and

**WHEREAS,** on November 6, 2017, the Court, in light of the Plaintiff's agreement to pursue only individual claims in this action for the time being, stayed all class allegations until the resolution of the pending Motions in the case pending in the Southern District of New York; and

**WHERAS,** on November 6, 2017, the Defendants filed an Answer in this Action, denying all allegations relating to claims for unpaid wages; and

**WHEREAS,** the Defendant denies each and every allegation of wrongdoing asserted in the Action, including, but not limited to, all such allegations contained in Plaintiff's Complaint, and in any other papers filed or served by the Plaintiff or on his behalf in the Action; and

**WHEREAS,** after considering and examining the evidence related to the respective claims and defenses in the Action and consistent with the desires of the Plaintiff and the Defendants to resolve the Action in the context of no party having prevailed on its claims and to

avoid the costs of further litigation, the Plaintiff and the Defendantshave agreed on the payment from the Defendants to the Plaintiff a sum of money to terminate the litigation with prejudice; and

**WHEREAS**, the Plaintiff and the Defendants understand and agree that neither the making of this Settlement Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by the Defendants of guilt or non-compliance with any federal, state, city or local statute, constitution, public policy or common law, the breach of any contract or commission of any tort or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever; and

**WHEREAS**, the Plaintiff, who has been represented by Abdul K. Hassan, Esq. and Abdul Hassan Law Group, PLLC( collectively referred to as "AHLG") as his attorney in the Action and in the negotiations leading to this Settlement Agreement, after consulting with Hassan, freely and voluntarily (i) enters into this Settlement Agreement, (ii) authorizes the filing with the Court of the Stipulation of Dismissal With Prejudice in the form annexed hereto as Exhibit "1," and (iii) accepts the promises and obligations upon him, which are expressed herein; and

**WHEREAS**, Defendants,who have been represented by Austin Graff, Esq.and The Scher Law Firm, LLP (collectively referred to as "TSLF") as their attorneys in the Action and in the negotiations leading to this Settlement Agreement desire, after consulting with Counsel, to freely and voluntarily enter into this Settlement Agreement, the Stipulation of Dismissal With Prejudice annexed hereto as Exhibit "1" and to accept the promises and obligations upon them, which are expressed herein; and

**WHEREAS**, the Plaintiff and the Defendants have had a reasonable period of time to review this Settlement Agreement with their respective Counsel, immediate families, accountants, and other tax advisors;

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THAT:**

1. The recital "Whereas" clauses set forth above are expressly merged into and made a substantive part of this Settlement Agreement.

2. In exchange for the promises made herein:

    a. The Plaintiff shall execute an original signature copy of this Settlement Agreement and deliver the same to TSLF;

    b. The Defendantsshall execute an original signature copy of this Settlement Agreementand deliver the same to AHLG;

    c. The parties' respective Counselshall execute the Stipulation of Dismissal with Prejudice in the form annexed hereto as Exhibit "1" and Plaintiff shall file the same with the

Court together with an application for Court approval of this Settlement Agreement;

    d. Except as may be prohibited by statute or as otherwise necessary to enforce the terms of this Settlement Agreement, the Plaintiff agrees that he shall not institute, nor shall he submit or file, or permit to be submitted or filed on his behalf, any lawsuit, charge, claim, complaint, and/or other proceeding against Defendants, whether an individual or class action, with any administrative agency, court or other forum, and release all liabilities, claims and causes of action thereby which relate to payment of wages, employment discrimination, harassment, retaliation, and/or wrongful termination, including any claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.; the Portal-To-Portal Pay Act, 29 U.S.C. § 251 *et seq*.; the New York Labor Law;and/or any other federal, state, city or local wage and hour, labor or other laws, rules, regulations and/or guidelines, constitutions, ordinances, public policy, contract or tort laws relating to payment of wages, retaliation, and/or wrongful termination, based upon any conduct occurring up to and including the date of the Plaintiff's execution of this Settlement Agreement and shall not seek or accept any award or settlement from any such source or proceeding. In the event the Plaintiff institutes, are is a party to, or are a member of a class that institutes any such judicial, administrative or arbitral action or proceeding, to the extent that the asserted claims have been released under the terms of this Settlement Agreement, the claims therein asserted and released by this Settlement Agreement shall be dismissed and/or class membership terminated and the Plaintiff shall take all steps necessary to effect said dismissal/termination of his individual claims/participation. The Plaintiff shall execute the opt-out form relating to the class action in *Vargas v. Howard*, 15-cv-5101 (GHW), which is attached as "Exhibit 2" to this Settlement Agreement. If the Defendants notify the Plaintiff of any action or proceeding, the Plaintiff shall be required to take the necessary steps to affect his own required dismissal/termination within thirty days of such notice.

    e. The Plaintiff shall neither seek nor accept any (1) monies, award or recovery for any matters released and waived in this Settlement Agreement or related to said released or waived matters or (2) compensation for activities in support of any action or proceeding against the Defendants. To the extent that any monies are awarded or paid to the Plaintiff as a recovery or for activities in support of any such action or proceeding, including activities pre-institution or filing, the Plaintiff shall be obligated to turn over all such monies received, including attorneys' fees awarded, to the Defendants.

    f. Defendants in consideration of the promises and other good and valuable consideration received from the Plaintiff, hereby reciprocally release Plaintiff from any and all liabilities, claims and causes of action from the beginning of the world through the date of the execution of this Settlement Agreement.

  3. Settlement Sum:

    a. In exchange for the promises made by the Plaintiffcontained in this Settlement Agreement the Defendants agree to pay Plaintiff and his Attorney the settlement sum of **SEVENTEEN THOUSAND NINE HUNDRED AND SIXTY DOLLARS ($17,960.00)** ("Settlement Sum"), which Settlement Sum is inclusive of any and all claims for damages,

interest, attorneys' fees, costs, disbursements, etc., that the Plaintiff has or may have against the Defendants for the Action or as to any other matter set forth in paragraph 2(d) of this Settlement Agreement through the date that the Plaintiff executes this Settlement Agreement, to be paid as follows:

1. A check made payable to "Frank Kelly" in the amount of THREE THOUSAND FIVE HUNDRED AND FIFTY DOLLARS ($3,550.00), less applicable taxes and withholdings, reportable on an IRS Form W-2, due on or before March 31, 2018;

2. A check made payable to "Frank Kelly" in the amount of THREE THOUSAND FIVE HUNDRED AND FIFTY DOLLARS ($3,550.00), reportable on an IRS Form 1099-MISC (Box 3), due on or before March 31, 2018;

3. A check made payable to "Abdul Hassan Law Group, PLLC" in the amount of FIVE THOUSAND, FOUR HUNDRED AND THIRTY DOLLARS ($5,430.00), representing partial payment for reduced legal fees ($10,400.00) plus costs ($460.00), reportable on an IRS Form 1099-MISC (Box 14), due on or before April 30, 2018;

4. A check made payable to "Abdul Hassan Law Group, PLLC" in the amount of FIVE THOUSAND, FOUR HUNDRED AND THIRTY DOLLARS ($5,430.00), representing partial payment for reduced legal fees ($10,400.00) plus costs ($460.00), reportable on an IRS Form 1099-MISC (Box 14), due on or before May 30, 2018;

b. AHLG, to the extent any Settlement payments are made before the Court approves this Settlement Agreement, shall hold such Settlement payments/Checks in escrow in its office until the Court approves this Settlement Agreement. If the Court denies the approval of this Settlement Agreement, the parties shall revert to their status prior to signing this Settlement Agreement and the litigation shall proceed. If the Court denies approval, AHLG shall turnover to TSLF the money received under this Settlement Agreement and Settlement Checks received under this Settlement Agreement from Defendants.

c. The Settlement Sum being paid to and in behalf of the Plaintiffs in the amount and on or before the date described immediately above in ¶ 3(c) is based upon the Plaintiff's and Defendants' decisions to resolve the litigation of the Action in order to avoid incurring further fees and costs. The manner in which the payments are being divided and characterized is pursuant to the Plaintiff's request. A material condition of this Settlement Agreement is that the Defendants neither admit, nor shall it be inferred by the existence of this Settlement Agreement and/or his terms, that the Defendants have admitted to the violation of any law, regulation, rule, contract, agreement or understanding applicable to the Defendants' employment of any of the Plaintiff.

4. After the end of calendar year 2018 the Defendants shall issue to Plaintiff an IRS Form 1099-Misc (Box 3), and IRS Form W-2 for the Settlement Sum paid to each Plaintiff pursuant to ¶ 3(c).Defendants shall also issue an IRS Form 1099-Misc (Box 14) to AHLG for the attorneys' fees' portion of the Settlement Sum paid pursuant to ¶ 3(c). These forms shall be forwarded to Hassan. The Plaintiff shall be solely responsible for the payment of his portion of all taxes, interest, penalties and other liabilities or costs that may be assessed upon the Settlement Sum paid pursuant to ¶ 3(c) above. The Plaintiff further agrees to indemnify and hold the Defendants harmless against any tax liabilities, including, but not limited to, any interest and/or penalties that the Defendants may incur as a result of paying the Settlement Sum pursuant to ¶ 3(c) above for employee-side tax withholdings, if any. In the event the Defendants receive notice of a claim subject to the Plaintiff's indemnity/hold harmless obligation, Defendants or their attorneys shall notify AHLG in writing.

5. The Plaintiffs understand and agree that he would not be entitled to receive the consideration specified in ¶ 3(c), the Settlement Sum, except for hisfulfillment of all the promises contained in this Settlement Agreement.

6. If any payment is not received by the due date as described paragraph 3, the Plaintiffs shall serve a Notice of Default upon TSLF by email and by fax to Austin Graff, Esq., The Scher Law Firm, LLP, One Old Country Road, Suite 385, Carle Place, New York 11514, fax (516) 747-9100; email: agraff@scherlawfirm.com. Upon receipt of the Notice of Default, the Defendants will then have ten (10) days to cure the default. Failure by the Defendants to cure the default within ten (10) days shall constitute an Event of Default, and entitle the Plaintiffs to request entry of a judgment against the Defendants individually and jointly in the amount of THIRTY THOUSAND DOLLARS ($30,000.00).

7. The parties shall request that the Hon. Steven L. Tiscione, U.S.M.J. retain jurisdiction over this Action to enforce the terms of this Agreement and to make any appropriate Orders to ensure the parties' compliance therewith, including, without limitation, as to payment of the Settlement Sum specified in paragraph 3 of this Agreement and/or the imposition of a judgment pursuant to paragraph 6 of this Agreement.

8. No later than five (5) business days following AHLG's receipt of the final payment of the Settlement Sum, the Action shall be dismissed in its entirety and with prejudice. The Plaintiffand Defendants agree not to seek any interest, fees or costs from the Court and, except as provided in this Settlement Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Action.

9. Any notice required by this Settlement Agreement shall be given by express or certified mail to the following addresses or such other address as any party may specify to the other, as provided herein. Notice shall be deemed duly given when so mailed to:

For the Plaintiff:

Abdul K. Hassan, Esq.

Abdul Hassan Law Group, PLLC
215-28 Hillside Avenue
Queens Village, New York 11427

For the Defendants:

Austin Graff, Esq.
The Scher Law Firm, LLP
One Old Country Road, Suite 385
Carle Place, NY 11514

10. This Settlement Agreement supersedes all prior and contemporaneous understandings by and between the parties and represents the complete expression of the understandings by and between the Plaintiff and the Defendants. No other promises or agreements shall be binding or shall modify this Settlement Agreement unless signed by the Plaintiff and an authorized representative of the Defendants hereto, specifically referring to this Settlement Agreement and the modification or amending of it.

11. This Settlement Agreement shall be governed and interpreted in accordance with the law of the State of New York without regard to its conflict of law provision. Should any provision of this Settlement Agreement be declared illegal, unenforceable or void by any court of competent jurisdiction, in whole or in part, and cannot be modified to be enforceable, excluding the release language, such provision or portion thereof shall be deemed severable from the remainder of this Settlement Agreement and shall in no way affect, impair or invalidate any other provision contained therein. Further, should any provision of this Settlement Agreement require interpretation or construction, it is agreed by the Plaintiff and the Defendants that the entity interpreting or construing this Settlement Agreement shall not apply a presumption that the provisions shall be more strictly construed against one party by reason of the rule of construction that in cases of ambiguity a document is to be construed more strictly against the party who drafted it.

12. No delay or omission by any party in exercising any rights under this Settlement Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

13. This Settlement Agreement may be executed in counterparts with all counterparts constituting the entire Settlement Agreement and with the same full force and effect as if this Settlement Agreement were not executed in counterparts. In addition, a facsimile or electronically imaged, pen-to-paper signature contained hereon shall be deemed an original. If any provision of this agreement is held invalid or unenforceable by the Court, the remainder of this agreement shall be valid and effective except for (1) Plaintiff's release of any and all claims arising from his employment with the Defendants as set forth in Paragraph 2 herein; (2) Defendants' obligation to make payment as set forth in Paragraph 3 herein.; and (3) Defendants' release of the Plaintiff as set forth in Paragraph 2 herein. However, if a Court invalidates any of these three provisions, then the entire agreement shall be deemed null and void.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO THE PLAINTIFF AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH IN PARAGRAPH "3" ABOVE, THE PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SET FORTH IN PARAGRAPH "2" ABOVE THAT HE HAS OR MIGHT HAVE AGAINST THE DEFENDANTS THROUGH THE DATE OF HIS EXECUTION OF THIS SETTLEMENT AGREEMENT.

BY EXECUTING THIS DOCUMENT, THE PLAINTIFF ACKNOWLEDGES, ADMITS AND REPRESENTS TO THE DEFENDANTS THAT HE FULLY UNDERSTANDS THE TERMS OF THIS SETTLEMENT AGREEMENT, WHICH HAS BEEN EXPLAINED TO HIM BY HIS ATTORNEY, AND THAT ANY AND ALL QUESTIONS THE PLAINTIFF HAD CONCERNING THE TERMS AND CONDITIONS OF THIS SETTLEMENT AGREEMENT HAS BEEN ANSWERED BY HIS COUNSEL TO THE PLAINTIFF'S SATISFACTION.

IN WITNESS, WHEREOF, the parties hereto knowingly and voluntarily execute this Negotiated Settlement Agreement as of the dates set forth below.

| | |
|---|---|
| FRANK KELLY<br><br>By: Frank Kelly | STATE OF NEW YORK ) ss.:<br>COUNTY OF (Queens)<br><br>On the 18th day of March 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared Frank Kelly personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.<br><br>Notary Public<br>ANISA DATE<br>NOTARY PUBLIC-STATE OF NEW YORK<br>No. 01KH6323018<br>Qualified in Queens County<br>My Commission Expires 1/13/19 |
| ABDUL HASSAN LAW GROUP, PLLC<br>as to paragraph 3(b<br><br>*Abdul Hassan*<br>By: Abdul K. Hassan, Esq. | |
| CALL-A-HEAD CORP.<br><br><br>By: Charles W. Howard | STATE OF NEW YORK ) ss.:<br>COUNTY OF )<br><br>On the ___ day of March 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared Charles W. Howard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.<br><br>Notary Public |
| CHARLES W. HOWARD<br><br><br>By: Charles W. Howard | STATE OF NEW YORK ) ss.:<br>COUNTY OF )<br><br>On the ___ day of March 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared Charles W. Howard personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to be that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.<br><br>Notary Public |

**Exhibit "1" – Stipulation of Dismissal With Prejudice**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
FRANK KELLY, Individually, and on behalf of all           Docket No. 17-cv-05737
other similarly situated,

                                                      Plaintiff,           **FEDERAL RULE OF CIVIL PROCEDURE 41 STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

                          -against-

CALL-A-HEAD    CORP.    and    CHARLES HOWARD,

                                        Defendants.
---------------------------------------------------------------------X

       IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys for the parties to the above-entitled action that having been expressly authorized by the parties to enter into this Stipulation, pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii), and the Court having reviewed the terms of the parties' negotiated settlement agreement and determined the same to be fair and reasonable, the Plaintiff's Complaint is dismissed <u>withprejudice</u>. The Court shall retain jurisdiction to enforce the terms of the parties' negotiated settlement agreement as provided for therein. Except as otherwise agreed between them, each party shall bear its own costs, fees, and attorneys' fees.

Dated:   March 18, 2018

| | |
|---|---|
| THE SCHER LAW FIRM, LLP<br>*Attorneys for Defendants* | ABDUL HASSAN LAW GROUP, PLLC<br>*Attorney for Plaintiff*<br><br>*/s/ Abdul Hassan* |
| Austin Graff<br>One Old Country Road, Suite 385<br>Carle Place, NY 11514<br>Tel. # (516) 746-5040 | Abdul K. Hassan, Esq.<br>215-28 Hillside Avenue<br>Queens Village, NY 11427<br>Tel. # (718) 740-1000 |

**SO ORDERED:**

_____
Hon. Steven L. Tiscione, U.S.M.J.

Exhibit "2" – Opt-Out Form

## RETURNING THIS FORM EXCLUDES YOU FROM THE CLASS ACTION.

I wish to be **excluded** from the class in the case of *Vargas v. Howard, et al.* pending in the Southern District of New York under Case No. 15-CV-5101 (GHW).

I understand that by submitting this form I will be **ineligible** to receive any portion of any class action settlement or award in this litigation.

Please completely fill out and send this form to:

**Call-A-Head Notice Administrator c/o Angeion Group**
**1801 Market Street**
**Suite 660**
**Philadelphia, PA 19103**

PLEASE PRINT:

First name: Frank

Last name: Kelly

Phone (business hours): 718-740-1000 C/O Abdul Hassan Law Group, PLLC

Email: abdul@abdulhassan.com

Address: 215-28 Hillside Avenue

City: Queens Village

State: NY                      Zip/Postal Code: 11427

Signature: *[signed]*                      Dated: 3/18/18

PLEASE RETAIN A COPY OF THIS COMPLETED "OPT OUT FORM" FOR YOUR RECORDS

1